STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 1440
LOS ANGELES, CALIFORNIA 90010
(213) 385-6926
fax (213) 385-3313
stevenjeyre@gmail.com

Attorney for plaintiff Ignacio Orozco

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

312 North Spring Street, Los Angeles, CA 90012

| | |
|---|---|
| IGNACIO OROZCO,<br><br>　　　　Plaintiff,<br><br>　　-vs.-<br><br>ABEL SANDOVAL, SERGIO DEL RIO, MAGDALENO MENDOZA dba MARISCOS PUERTO ESCONDIDO, SUSANA MENDOZA dba MARISCOS PUERTO ESCONDIDO, EL FLAMINGO, INC. dba FLAMINGOS NIGHT CLUB, LUIS R. GONZALEZ, PEDRO SANCHEZ dba SANCHEZ PROMOTIONS, JAVIER RODRIGUEZ dba RODRIGUEZ PRODUCTIONS VIP, DOES 1-10,<br><br>　　　　Defendants. | **No.**<br><br>**COMPLAINT FOR:**<br><br>1. **UNFAIR COMPETITION;**<br>2. **COMMERCIAL DISPARAGEMENT;**<br>3. **FEDERAL TRADEMARK COUNTERFEITING AND COPYING;**<br>4. **STATE LAW AND STATUTORY TRADE NAME INFRINGEMENT AND DILUTION;**<br>5. **INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE;**<br>6. **ACCOUNTING;**<br>7. **TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

-1-

Plaintiff alleges:

## JURISDICTION AND VENUE

1.     These claims arise under the laws of the United States, particularly under the federal Lanham Act (15 U.S.C. § 1501 et seq.), and under the laws of the State of California, including California common law.  Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1138(a).  Jurisdiction is also proper pursuant to the Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367 in that the state law claims alleged herein are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     This Court has specific personal jurisdiction over all of the defendants as each has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.

3.     Venue is proper in the United States District Court for the Central District pursuant to 28 U.S. C. §§ 1391(b) and 1391(c) in that some defendants reside in this District, transact affairs in this District and that a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

4.     Plaintiff Ignacio Orozco (hereinafter, "Orozco") is a resident and national of Mexico who owns the musical group "Viento y Sol" as well as the federal registration of the VIENTO Y SOL mark.

5.     Defendant Abel Sandoval (hereinafter "Sandoval") is a resident and citizen of Mexico.

6.     Plaintiff alleges on information and belief that defendant Sergio Del Rio (hereinafter "Del Rio") resides in Orange County, California.

7.     Defendant Magdaleno Mendoza resides and has his place of business in Los Angeles County, California.

*Orozco vs. Sandoval*                                                      **COMPLAINT**

8.    Defendant Susana Mendoza resides and has her place of business in Los Angeles County, California.

9.    Defendant El Flamingo, Inc. is a California corporation with its principal place of business in Anaheim, California.

10.   Plaintiff alleges on information and belief that defendant Luis R. Gonzalez resides in Orange County, California.  Defendant Luis R. Gonzalez is the agent for service of process of defendant El Flamingo, Inc. according to the records of the California Secretary of State.  Plaintiff alleges on information and belief that the principal place of business of defendant Luis R. Gonzalez is the same address in Orange County, California as that of defendant El Flamingo, Inc.

11.   Plaintiff alleges on information and believe that defendant Pedro Sanchez dba Sanchez Promotions resides and has his place of business in Los Angeles County, California.

12.   Plaintiff alleges on information and belief that Javier Rodriguez dba Rodriguez Productions VIP resides and has his place of business in Contra Costa County, California.

13.   The DOE defendants are individuals or entities whose identity is unknown at the time of filing of this Complaint, and who will be identified as soon as their identities are ascertained.  Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants, including the DOE defendants, are responsible for the actions complained of herein and that in so acting, the defendants were acting as the agents of the remaining defendants.

## PLAINTIFF'S MARK AND GROUP

14.   Plaintiff Ignacio Orozco founded the musical group "Viento y Sol" ("Wind and Sun" in English) in the early 1980's in Irapuato, Mexico.  In that year, plaintiff's group began to perform artistic services, namely live musical performances, under the name and mark VIENTO Y SOL.  Since the inception of the musical group, plaintiff has continuously used the name and mark VIENTO Y

-3-

SOL in Mexico in connection with the services, namely the live performances of plaintiff's musical group, and in advertising for the live performances of plaintiff's musical group in printed matter, on radio and television, and subsequently on the internet and social networks, as well. Plaintiff has also continuously used the name and mark VIENTO Y SOL in Mexico since the inception of the group in connection with goods, namely the sound recordings of plaintiff's group.

15.   At least as early as 1992, plaintiff Ignacio Orozco brought his musical group "Viento y Sol" to the United States to perform. Since that time, plaintiff Ignacio Orozco has continuously used the name and mark VIENTO Y SOL in commerce in the United States in connection with services, namely the live performances of plaintiff's musical group, and in advertising for the live performances of plaintiff's musical group in printed matter, on radio and television, and subsequently on the internet and social networks, as well. Plaintiff has also continuously used the name and mark VIENTO Y SOL in commerce in the United States since at least as early as 1992 in connection with goods, namely the sound recordings of plaintiff's group.

16.   Plaintiff is the owner of the registration of the VIENTO Y SOL word mark with the United States Patent and Trademark Office ("USPTO") in International Class 41 for entertainment in the nature of live performances by a musical band, Reg. No. 4,524,385, with a registration date of May 6, 2014. A true and correct copy of the certificate of registration in plaintiff's name is attached hereto as Exhibit A.

17.   Plaintiff's VIENTO Y SOL mark is an arbitrary and fanciful mark.

18.   The VIENTO Y SOL mark has acquired a secondary meaning, referring to plaintiff and his musical group, through a long history of use of the mark by plaintiff both in Mexico as well as the United States.

*Orozco vs. Sandoval*                                                **COMPLAINT**

19.    The musical style of plaintiff's musical group "Viento y Sol" is characterized as the "*grupero*" musical style, a sub-category of the Regional Mexican musical genre.

20.    The services of plaintiff's musical group "Viento y Sol" are advertised to, and performed before, the Spanish-speaking population of the United States, particularly consumers of "*grupero*" music.  Thus, the marketing and distribution channels for the goods and services of plaintiff's musical group are those which cater to the Hispanic and Spanish-speaking populations of the United States.

## DEFENDANTS' ACTIONS

21.    Defendant Abel Sandoval is a former member of plaintiff's musical group who left the group in or about 1999.  Defendant Sandoval did not return to the group at any time after his departure.

### Defendant Abel Sandoval

22.    Defendant Abel Sandoval has entered the United States recently to offer, sell and perform services, namely the live performances of his musical group, using plaintiff's registered VIENTO Y SOL mark without plaintiff's authorization or consent.

### Mendoza and Del Rio Defendants

23.    Plaintiff alleges on information and belief that defendant Sergio Del Rio is a promoter who has offered and sold, and who continues to offer and sell the services, namely live performances of a musical group, of defendant Sandoval in the United States using plaintiff's registered VIENTO Y SOL mark.

24.    Defendants Magdaleno Mendoza and Susana Mendoza ("the Mendoza Defendants") are the proprietors of a restaurant and nightclub located at 3470 East Whittier Blvd in the city of Los Angeles, California, which the Mendoza Defendants operate under the fictitious business name of Mariscos Puerto Escondido.   The Mendoza Defendants present live entertainment at their establishment, including bands, shows, comedians, imitators, etc.

*Orozco vs. Sandoval*                                             **COMPLAINT**

25.   Beginning on or before May 20, 2015, on the Facebook page for Mariscos Puerto Escondido the Mendoza Defendants advertised a three-night run on May 22, 23 and 24, 2015 of live performances by defendant Abel Sandoval and his musical group using plaintiff's registered VIENTO Y SOL mark, with the name "Abel Sandoval" placed above plaintiff's mark.

26.   Plaintiff is informed and believes that defendant Sergio Del Rio offered, booked and sold the services of defendant Abel Sandoval and his musical group to the Mendoza Defendants for the three-night run referred to above.

27.   On May 20, 2015, plaintiff's counsel sent a cease-and-desist letter to the Mendoza Defendants in which plaintiff's counsel advised the Mendoza Defendants of plaintiff's ownership and registration of the VIENTO Y SOL mark, and of the damages, including without limitation statutory damages, which plaintiff would seek against the Mendoza Defendants should they continue to copy and infringe plaintiff's registered mark without plaintiff's permission and consent.

28.   The May 20, 2015 cease-and-desist letter from plaintiff's counsel was delivered to the Mendoza Defendants by FedEx on May 21, 2015 to their business address referred to in paragraph 24 above as well as to their home address.

29.   On May 21, 2015, the Facebook advertisement for the three-night run of performances by defendant Abel Sandoval at the Mendoza Defendants' establishment was altered to read "Abel Sandoval y su grupo VIENTO Y SOL" ("Abel Sandoval and his group VIENTO Y SOL").

30.   Between May 21, 2015 and May 24, 2015, the advertisement for the performances by defendant Abel Sandoval and his group using plaintiff's VIENTO Y SOL mark was posted on the Mendoza Defendants' Facebook page no less than twelve (12) times.

31.   On the evening of May 21, 2015—after the cease-and-desist letters from plaintiff's counsel had been delivered to the business and home addresses of the Mendoza Defendants—defendant Sergio Del Rio posted on his own Facebook page

*Orozco vs. Sandoval*                                    **COMPLAINT**

a video clip of defendant Abel Sandoval's group on which plaintiff's VIENTO Y SOL mark was displayed.

32.    On May 22, 2015, defendant Sergio Del Rio posted an ad on his Facebook page for the three-night engagement of defendant Abel Sandoval's musical group at Mariscos Puerto Escondido in which plaintiff's VIENTO Y SOL mark is used.

33.    On May 22, 23 and 24, 2015, the marquee of the Mendoza Defendants' establishment Mariscos Puerto Escondido which faces the thoroughfare of Whittier Boulevard displayed the plaintiff's registered VIENTO Y SOL word mark by itself. The marquee included a crawl feature which accommodated more letters than could appear on the marquee at one time, but at no time did the marquee display any name, such as Abel Sandoval's name, in connection with plaintiff's registered VIENTO Y SOL word mark.

34.    On each date of May 22, 23 and 24, 2015, the Mendoza Defendants' establishment Mariscos Puerto Escondido displayed a poster next to the customer entrance facing the parking lot of the establishment, which displayed plaintiff's registered VIENTO Y SOL word mark to advertise the three-night engagement of defendant Abel Sandoval's group on May 22, 23 and 24, 2015.  However, the poster did not display any other name, such as defendant Abel Sandoval's name, in connection with plaintiff's mark.

**El Flamingo, Inc., and Gonzalez Defendants**

35.    Defendant El Flamingo, Inc. dba Flamingos Night Club operates a night club located at 10672 W. Katella Ave., located in the city of Garden Grove, California.  Flamingos Night Club presents live entertainment at its establishment, including bands, shows, etc.

36.    Defendant Luis Gonzalez is shown on the records of the Secretary of State of California as the agent for service of process of El Flamingo, Inc.  Plaintiff

*Orozco vs. Sandoval*                                                                          **COMPLAINT**

is informed and believes that defendant Luis Gonzalez is also an officer and principal of El Flamingo, Inc.

37.   On or about May 31, 2015, defendant El Flamingo, Inc. dba Flamingos Night Club posted on Facebook advertising for a performance by defendant Abel Sandoval using plaintiff's registered VIENTO Y SOL word mark.

38.   On June 2, 2015, plaintiff's counsel sent a cease-and-desist letter to Luis Gonzalez as the agent for service of El Flamingo, Inc. dba Flamingos Night Club, advising him of plaintiff's ownership and registration of the VIENTO Y SOL mark, and of the damages, including without limitation statutory damages, which plaintiff would seek against defendants Luis Gonzalez and El Flamingo, Inc. should they continue to copy and infringe plaintiff's registered mark without plaintiff's permission and consent.

39.   The June 2, 2015 cease-and-desist letter from plaintiff's counsel was delivered by FedEx to defendants Luis Gonzalez and El Flamingo, Inc. dba Flamingos Night Club on June 3, 2015 at their business address referred to in paragraph 35 above.

40.   As of the date of filing of this action, i.e. June 12, 2015, not only has the advertising referred to in the June 2, 2015 cease-and-desist letter not been removed, but a photograph of defendant Abel Sandoval with part of plaintiff's registered mark is displayed as the banner of the home page on Facebook for Flamingos Night Club.

41.   Plaintiff is informed and believes that defendants El Flamingo, Inc. dba Flamingos Night Club and defendant Luis Gonzalez continued to advertise the performance of defendant Abel Sandoval using plaintiff's registered VIENTO Y SOL mark on Facebook, at the Flamingos Night Club venue and in other broadcast and social media, including after receiving the cease-and-desist letter from plaintiff's counsel, as described above.

*Orozco vs. Sandoval*                                                          **COMPLAINT**

**Defendant Pedro Sanchez**

42.   Plaintiff is informed and believes that defendant Pedro Sanchez is an individual doing business as Sanchez Promotions in Los Angeles County, California.

43.   Plaintiff is informed and believes that defendant Pedro Sanchez is the promoter of a performance by defendant Abel Sandoval advertised for June 12, 2015 at Leonardo's Manchester night club located at 1735 W. Manchester, Los Angeles, California 90047.  Advertising for the event shows a photographs of defendant Abel Sandoval together with defendant Abel Sandoval's name and plaintiff's registered VIENTO Y SOL word mark.

44.   The advertisement referred to above is posted on the Facebook page for Bailes Sanchez as well as the Facebook page of Lenardo's Manchester.  An additional video posting on the Facebook page of Bailes Sanchez and Leonardo's Manchester shows defendant Abel Sandoval identifying his group as "Abel Sandoval y su grupo Viento y Sol" ("Abel Sandoval and his group Viento y Sol"). Plaintiff is informed and believes that defendant Pedro Sanchez is shown seated next to defendant Abel Sandoval in the video.

**Defendant Javier Rodriguez**

45.   Plaintiff is informed and believes that defendant Javier Rodriguez is an individual doing business as Rodriguez Productions VIP and Baile VIP.

46.   Plaintiff is informed and believes that defendant Rodriguez is the promoter of a performance by defendant Abel Sandoval on June 19, 2015 at the Clarion hotel in Concord, California in which plaintiff's registered VIENTO Y SOL word mark is used to advertise the event.

47.   An advertisement for the June 19, 2015 event at the Clarion Hotel is shown on the Facebook page Rodriguez Bailevip, which plaintiff is informed and believes that defendant Javier Rodriguez controls.

48.   As of June 12, 2015, defendant Javier Rodriguez has posted a photograph of tickets to the June 19, 2015 at the Clarion Hotel on defendant's

*Orozco vs. Sandoval*                                                **COMPLAINT**

Facebook page at Rodriguez Bailevip.  The tickets shown in the photographs on defendant Rodriguez's Facebook page show a photograph of defendant Abel Sandoval, defendant Abel Sandoval's name as well as plaintiff's registered VIENTO Y SOL word mark.

**As to All Defendants**

49.    Plaintiff is informed and believes that defendants have conspired and are conspiring to offer, procure engagements and advertise the services of defendant Abel Sandoval and defendant's musical group using plaintiff's registered VIENTO Y SOL word mark.

50.    Plaintiff is informed and believes that in furtherance of the conspiracy of defendants to counterfeit, copy and infringe plaintiff's registered VIENTO Y SOL mark and to foment such counterfeiting, copying and infringement by club owners and promoters in the United States, defendants and each of them named herein have offered, procured and sold bookings of defendant Sandoval's musical group using plaintiff's registered VIENTO Y SOL word mark, and that advertisements for defendant Sandoval's performances are being displayed and broadcast in locations within and outside California using plaintiff's registered VIENTO Y SOL word mark.

51.    Plaintiff is informed and believes that nightclub owners and operators, including without limitation defendants and each of them named herein, have caused print, media, internet and social media and other forms of advertising using plaintiff's VIENTO Y SOL registered word mark to be placed before the public in a calculated effort to mislead the public into purchasing tickets and attending the performances of defendant Sandoval's musical group, and thus have profited from the counterfeiting and infringement of plaintiff's registered VIENTO Y SOL word mark not only from ticket sales but also from other sources of revenue from entertainment operations, such as food and beverage sales.

*Orozco vs. Sandoval*                                                          **COMPLAINT**

52.     Meanwhile, plaintiff is irreparably harmed each time defendants practice their deceptions upon an unsuspecting public: defendants' advertising suggests that defendant Abel Sandoval's musical group is plaintiff's musical group, and that plaintiff's group "Viento y Sol" does no exist. Other customers who pay to see plaintiff's musical group find that the group performing is not plaintiff's group but instead a "pirate" group. Also, with multiple groups using the "Viento y Sol" moniker operating in the same market, i.e. the Hispanic and Spanish-speaking market of the United States, the value of plaintiff's mark and group is diminished as plaintiff has to compete against other musical groups using his mark, and promoters will without fail pay less for the group's performance. The damage to plaintiff's reputation, earning ability and bottom line is incalculable; the harm is irreparable.

53.     Defendants and each of them have knowingly counterfeited, copied, infringed and misappropriated plaintiff's VIENTO Y SOL mark for their own economic benefit and to plaintiff's detriment.

54.     Defendants can be expected to continue the above acts of counterfeiting, copying, deception and unfair competition to their benefit and plaintiff's damage unless defendants and each of them are enjoined from such conduct.

## FIRST CLAIM FOR RELIEF
## (FEDERAL TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION, AGAINST ALL DEFENDANTS)

55.     Plaintiff realleges and incorporates herein all previous paragraphs of this complaint.

56.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all defendants.

57.     Plaintiff is the senior user and owner of the trade name and service mark VIENTO Y SOL and is owner of the registration of the mark with the USPTO, as alleged above. Continuously since the introduction of the group in the United States at least as early as 1992, plaintiff has used the mark VIENTO Y SOL in commerce

*Orozco vs. Sandoval*                                            **COMPLAINT**

in connection with the services of his musical group as performing and recording artists.

58.   Plaintiff's VIENTO Y SOL mark is a strong mark and is inherently distinctive.

59.   None of the defendants named herein have any claim or colorable right to utilize plaintiff's VIENTO Y SOL mark.  Defendant Abel Sandoval left plaintiff's group some 15 years ago, thus abandoning the group and any claim to use of the group's name, and has never sought to rejoin the group since that time.  The other defendants named herein, and each of them, are promoters, nightclub owners/operators and/or independent event organizers who have no claim, interest or right in plaintiff's VIENTO Y SOL mark.

60.   The relevant marketplace for the services of plaintiff's musical group and the group of defendant Abel Sandoval is identical, i.e. the Regional Mexican music market in the United States.

61.   The services of plaintiff's musical group are similar to the services of defendant Abel Sandoval's musical group, in that they are both offer the live entertainment services of a musical group performing music in the Regional Mexican musical genre.

62.   Defendants and each of them have used, and are using, plaintiff's VIENTO Y SOL mark in a way that is likely to cause confusion as to plaintiff's association with, affiliation with, or sponsorship of the performance of defendant Abel Sandoval's musical group.  There is a strong likelihood of confusion arising from the activities of defendants and each of them, as described herein.

63.   Plaintiff is informed and believes that the actions of defendants, and each of them, have led to instances of actual confusion by promoters and consumers.

64.   Plaintiff is informed and believes that defendants have selected plaintiff's VIENTO Y SOL mark to advertise the services of defendant Abel

*Orozco vs. Sandoval*                                                   **COMPLAINT**

Sandoval's musical group with the intent to deceive and confuse the public, and to profit from such deception and confusion.

65.   Plaintiffs allege that members of the consuming public cannot be expected to exercise a great deal of care in distinguishing defendant Abel Sandoval's musical group from that of plaintiff's when defendants and each of them adopt and use plaintiff's VIENTO Y SOL mark to advertise the live entertainment services of defendant Sandoval's musical group.

66.   The actions of defendants and each of them in using plaintiff's VIENTO Y SOL mark as described above constitute false designation of origin, false description of fact and false representation likely to cause confusion, mistake or to deceive as to the affiliation of defendants' group with plaintiff's musical group "Viento y Sol."

67.   Defendants' actions constitute unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.   The actions of defendants, as alleged herein, will cause, and have already caused, substantial damage to plaintiff's reputation and mark.

69.   The actions of defendants and each of them as herein alleged were and are intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

70.   For the violations detailed above, plaintiff is entitled to recover defendant's profits, any damages sustained by plaintiff and plaintiff's costs, and to seek an award of reasonable attorney's fees.   15 U.S.C. § 1117(a).

71.   Plaintiff is entitled to treble damages as well as any further damage award that the court shall find to be just under the circumstances.  15 U.S.C. ¶ 1117(a).

72.   Plaintiff is informed and believes that the acts of defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

*Orozco vs. Sandoval*                                                        **COMPLAINT**

73.   Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause plaintiff if defendants' actions are not enjoined.  Plaintiff therefore is also entitled to preliminary and permanent injunctive relief to stop defendants' ongoing acts of unfair competition.  15 U.S.C. § 1116(a).

**SECOND CLAIM FOR RELIEF**

**(COMMERCIAL DISPARAGEMENT, AGAINST ALL DEFENDANTS)**

74.   Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

75.   This claim for relief arises under 15 U.S.C. § 1125(a)(1)(B) and is alleged against all defendants.

76.   Defendants and each of them in the advertisements for the services of defendant Abel Sandoval's musical group have made false statements concerning the nature, characteristics and qualities of defendant Sandoval's group and services, causing it to appear that defendant Sandoval's group is plaintiff's group "Viento y Sol" or otherwise connected with plaintiff's musical group.

77.   The advertisements by defendants and each of them, as described above, have actually deceived or have the tendency to deceive a substantial segment of the audience for the services of plaintiff's musical group "Viento y Sol."

78.   The deception by defendants and each of them, as alleged above, is material in that it is likely to influence the purchasing decision of consumers of the music of plaintiff's musical group.

79.   The defendants and each of them caused the false advertising, and the services they falsely advertised, to enter commerce through the Internet and social media.  Plaintiff alleges on information and belief that radio and television advertising was also used.

80.   Plaintiff has been or is likely to be injured as a result of the conduct of defendants and each of them, as alleged herein, by direct diversion of sales from

plaintiff's musical group to defendant Sandoval's as well as by the lessening of the good will which plaintiff's services enjoy with the relevant audience.

81.   In engaging in the actions complained of above, defendants and each of them willfully intended and continue to intend to trade on plaintiff's name and reputation.

82.   For the violations detailed above, plaintiff is entitled to recover defendant's profits, any damages sustained by plaintiff and plaintiff's costs, and to seek an award of reasonable attorney's fees.  15 U.S.C. § 1117(a).

83.   Plaintiff is further entitled to treble damages as well as any further damage award that the court shall find to be just under the circumstances.  15 U.S.C. ¶ 1117(a).

84.   Plaintiff is informed and believes that the acts of defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

85.   Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause plaintiff if defendants' actions are not enjoined.  Plaintiff therefore is also entitled to preliminary and permanent injunctive relief to stop defendants' ongoing acts of unfair competition.  15 U.S.C. § 1116(a).

## THIRD CLAIM FOR RELIEF
## (COUNTERFEITING AND COPYING OF A FEDERALLY REGISTERED TRADEMARK, AGAINST ALL DEFENDANTS)

86.   Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

87.   This claim for relief arises under 15 U.S.C. § 1114(1)(a).

88.   Plaintiff is the owner of the registration of the VIENTO Y SOL word mark with the United States Patent and Trademark Office ("USPTO") in

*Orozco vs. Sandoval*                                                    **COMPLAINT**

International Class 41 for entertainment in the nature of live performances by a musical band, Reg. No. 4,524,385.

89.   Defendants and each of them have used a reproduction, counterfeit, copy or colorable imitation of plaintiff's registered VIENTO Y SOL mark in connection with the sale, offering for sale, distribution and/or advertising of the services of defendant Abel Sandoval in connection with which such use is likely to cause confusion, or to cause mistake or to deceive.

90.   The VIENTO Y SOL mark used by defendants and each of them as herein alleged, is substantially indistinguishable from plaintiff's registered VIENTO Y SOL word mark.

91.   Plaintiff is entitled to injunctive relief to prevent the violation of his rights as registrant of the above-referenced marks.  15 U.S.C. § 1116(a).

92.   For the violations detailed above, and any others shown hereafter, plaintiff is entitled to recover defendant's profits, any damages sustained by plaintiff and plaintiff's costs.  15 U.S.C. § 1117(a).  In addition, plaintiff is entitled to recover treble damages and attorney's fees against defendants and each of them for defendants' use of a counterfeit mark.  15 U.S.C. § 1117(b).  In the alternative, plaintiff is entitled to elect statutory damages against each of the defendants for the violations described herein in an amount not less than $1,000 or more than $200,000 per type of goods or services sold, offered for sale or distributed.  15 U.S.C. § 1117(c).

93.   Plaintiff is informed and believes that the actions of defendants were and are willful.  Plaintiff is entitled to recover statutory damages for willful violations in an amount not exceeding $2,000,000 (two million dollars) pursuant to 15 U.S.C. § 1117(c).

94.   Plaintiff alleges on information and belief that unless restrained by this Court, defendants will continue to infringe plaintiff's registered VIENTO Y SOL service mark and trade name, thus engendering a multiplicity of judicial

*Orozco vs. Sandoval*                                                          **COMPLAINT**

proceedings, and pecuniary compensation will not afford plaintiffs adequate relief for the damage to their trade name and mark in the public perception.

## FOURTH CLAIM FOR RELIEF

## (STATE LAW COMMON LAW AND STATUTORY TRADE NAME INFRINGEMENT AND DILUTION, AGAINST ALL DEFENDANTS)

95.   Plaintiff realleges and incorporate in this cause of action all previous paragraphs of this complaint.

96.   This claim for relief arises under the laws of the State of California and is alleged against all defendants.

97.   By their acts alleged herein, defendants and each of them have engaged in trade name infringement and dilution, California Bus. & Prof. Code §§ 14330 et seq., and §§ 14402 et seq.

98.   Defendants have intentionally deceived the public by misrepresenting that the services of defendant Abel Sandoval and his musical group are connected with plaintiff's musical group and the services thereof.

99.   Plaintiff is informed and believes that the acts of defendants described herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

100.  Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause plaintiff if defendants' conduct is not enjoined.  Plaintiff therefore is also entitled to preliminary and permanent injunctive relief to stop defendants' ongoing acts of unfair competition.

## FIFTH CLAIM FOR RELIEF

## (INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE, AGAINST ALL DEFENDANTS)

101.  Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

-17-

102. This claim for relief arises under the common law of the State of California and is alleged against defendants and each of them.

103. Plaintiff, as owner of the musical group "Viento y Sol" and the registered VIENTO Y SOL mark, enjoys an economic relationship with promoters of musical performances in the Regional Mexican musical genre which inherently includes the probability of future economic benefit to plaintiff from bookings of his musical group for engagements around the United States.

104. Defendants and each of them at all times relevant herein had knowledge of plaintiff's standing and relationship to the community of promoters of musical performances in the Regional Mexican musical genre.

105. Defendants and each of them engaged in wrongful conduct, i.e. the counterfeiting, copying, infringing and misappropriation of plaintiff's VIENTO Y SOL mark, in a way designed to or that was reasonably forseeable to interfere with plaintiff's economic relationships.

106. The acts of defendants and each of them have actually disrupted one or more relationships which would have provided economic benefit to plaintiff.

107. Plaintiff has suffered economic harm as a result of the wrongful conduct of defendants and each of them.

108. The aforementioned acts of defendants were and are willful, oppressive and malicious. Plaintiff therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## FIFTH CLAIM FOR RELIEF
## (ACCOUNTING)

109. Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

110. This claim for relief arises under the common law of the State of California and is alleged against all defendants.

*Orozco vs. Sandoval*                                    **COMPLAINT**

111.  Defendants are in possession of information relating to monies paid to defendants from their misleading and deceptive practices described herein, which represents a misappropriation of monies from plaintiff.  The books, accounts, records, ledgers, etc. which will provide this information are in the possession of defendants and each of them.  The amount of damages, profits and interest owing to plaintiff from defendants cannot be ascertained without an accounting by defendants and each of them.

112.  Defendants and each of them have also benefited economically from the usurpation of plaintiff's trade name and service mark VIENTO Y SOL without accounting to plaintiff for the income and profits realized by defendants and each of them as a result of such activities.

113.  Plaintiff hereby demands, and is entitled to, an accounting of all monies received by defendants and each of them from their use of the mark and trade name VIENTO Y SOL and any other confusingly similar terms.

**SEVENTH CLAIM FOR RELIEF**

**(TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF)**

114.  Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

115.  The continuing wrongful acts of defendants herein have harmed and continue to harm the interest of plaintiff in the use of the name and mark VIENTO Y SOL.  If this court does not issue a temporary, preliminary and permanent injunction against defendants and each of them prohibiting the use of the name VIENTO Y SOL, and other confusingly similar terms, in connection with the goods and services of defendants' musical group, plaintiff will suffer irreparable harm for which there is no adequate remedy at law.

**PRAYER**

WHEREFORE, plaintiff prays for relief as follows, against each of the defendants severally and not jointly:

1.    For an order requiring defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action.

2.    For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants and each of them and their agents, servants, employees and co-venturers, and all persons in active concert or participation with them who receive actual notice of the court's order by personal service or otherwise, from engaging in or performing any of the following acts:

(a)    Using the name VIENTO Y SOL or any confusingly similar or colorable imitation of the name, in connection with advertising in any form, or in connection with the goods or services of defendants or any of them;

(b)    Using the name VIENTO Y SOL or any confusingly similar or colorable imitation of the name, in any manner for the purpose of enhancing the commercial value of the goods or services of defendants;

(c)    Otherwise infringing or diluting the distinctive quality of plaintiff's service mark and trade name VIENTO Y SOL;

(d)    Causing a likelihood of confusion, deception or mistake as to the makeup, source, nature or quality of plaintiff's or defendants' services;

(e)    Contacting promoters, advertisers or other businesses for the purpose of offering the services of defendants as VIENTO Y SOL or any confusingly similar or colorable imitation of the name.

3.    For an order requiring defendants and each of them, and those in active concert or connection to the same,  to deliver up and destroy all promotional literature, advertising, tickets, goods and other material bearing the infringing, diluting or injurious designations, and to remove any and all infringing material from all internet and social media accounts under their control.

4.    For defendants' profits in an amount according to proof.

5.    For actual damages in an amount not less than $100,000.

*Orozco vs. Sandoval*                                                                                                    **COMPLAINT**

6.    For three times the amount of plaintiff's actual damages suffered by reason of defendants' infringement of plaintiff's mark and trade name.

7.    For three times the amount of defendants' profits derived from infringement of plaintiff's mark and trade name.

8.    For statutory damages in an amount not less than $1,000 nor greater than $200,000 per type of goods or services sold, with respect to the use in commerce of a reproduction, counterfeit, copy or colorable imitation of plaintiff's registered mark.

9.    If the Court finds that any infringement of plaintiff's registered mark is willful, for statutory damages in an amount not less than $1,000 nor greater than $2,000,000 per type of goods or services sold.

10.   For punitive damages in an amount to be proved at trial.

11.   For prejudgment interest.

12.   For an accounting of all monies received by defendants and each of them from their activities in connection with the use of the name "Viento y Sol."

13.   For costs of suit.

14.   For reasonable attorneys' fees.

15.   For such other relief as the court may deem appropriate.

Dated: June 12, 2015

/s/Steven J. Eyre
Steven J. Eyre
Attorney for plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial of this action by a jury.

Dated: June 12, 2015

/s/Steven J. Eyre
Steven J. Eyre
Attorney for plaintiff

-21-

*Orozco vs. Sandoval*                        **COMPLAINT**